

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 22, 1961

Mr. Richard E. Rudeloff          Opinion No. WW-1024
County Attorney
Bee County                       Re:  When must property be ren-
Beeville, Texas                       dered for taxation in order
                                      to qualify a person, under
                                      Art. 5.03 of the Election
                                      Code, to vote in a bond
                                      election, to be held in
                                      April, 1961, and related
Dear Mr. Rudeloff:                    questions.

        You have stated in your opinion request that a bond
election "is to be held in Bee County in March, 1961, to decide
the proposition of an $850,000 bond issue to establish a county
hospital." You have submitted to this office the following
two questions to be answered:

        1. "When and within what period of time must property
be rendered for taxation in order to qualify an elector, under
Art. 5.03 of the Election Code, to vote in a bond election to
be held in March, 1961?"

        2. "Must property be rendered by an elector himself,
or his agent, to qualify him to vote in such election, or does
the placing of his property on the unrendered list by the tax
assessor so qualify him?"

        Subsequent to receiving your opinion request this
office was advised that the proposed bond election would be
held on April 1, 1961. The April date will be used in this
opinion instead of the March date.

        Section 3a of Article VI of the Texas Constitution, as
amended in 1932, reads, in part, as follows:

            "When an election is held by any county....for
            the purpose of issuing bonds,....only qualified
            electors who own taxable property in the....
            county.... and who have duly rendered the same
            for taxation, shall be qualified to vote...."

        Article 5.03 of the Election Code originally enacted
this provision into law verbatim.

In 1957 the Legislature added the following amendment to Art. 5.03 of the Election Code:

"Property shall be deemed to have been duly
rendered for taxation, for the purpose of
determining eligibility to vote in an election
as provided in this Code and in Article VI,
Section 3a of the Constitution of this State,
only if the property was rendered to the
county, city, district, or other political
subdivision holding the election within the
period of time fixed by law for such rendition,
or was placed on the tax rolls by the tax
assessor prior to the date on which the election
was ordered, if the regular rendition period
expired before that date.  In making up the
certified list of owners of taxable property
to be used at an election, the tax collector
shall include thereon only the names of per-
sons owning taxable property which has been
duly rendered for taxation, as herein defined."

The courts have interpreted Art. 5.03 on several occasions prior to the 1957 amendment.  In the leading case of Caperton v. Thorpe, 240 S.W.2d 329 (Civ.App.,1951) the court at page 331 held:

"Our Constitution, Art. 6, Sec. 3a, Vernon's Ann.St.,
provides that only qualified electors who own
taxable property in the county where such election
is held and who have duly rendered the same for
taxation shall be qualified to vote.  We believe
the trial court correctly ruled that a person
who had rendered his property either in 1949
or 1950 was a qualified voter.  This is the only
reasonable construction of the law.  The law
permits owners of property to render their taxes
through April 30th of any given year under
Art. 7151, Revised Civil Statutes 1925, Vernon's
Ann.Civ.St. art. 7151.  It will, therefore, be
seen that if the election had been called on
January 2, 1950, there would have been many
people who regularly rendered their property
within the time prescribed by statute and who
were otherwise qualified to vote in the election
but who had not rendered their property for
taxes in 1950 and would not have been allowed
to vote in the election."  (Emphasis added)

Since the courts have construed Sec. 3a of Art. VI of the Texas Constitution, which was later enacted as Art. 5.03 of the Election Code, we are of the opinion that the holding in the Caperton case is still the law. We do not feel that the 1957 amendment to Art. 5.03 has affected that holding.

Therefore, it is the opinion of this office that an otherwise qualified elector is eligible to vote in a bond election if he had rendered his property either in 1960 or does render it anytime prior to the time he votes in an election which is held before May 1, 1961.

In answer to your second question, this office in Attorney General Opinion No. O-2126, said in effect that if rendition of property for taxes is made by an agent of the owner, or if such property is assessed by the tax assessor, the requirements of Sec. 3a of Art. VI of the Constitution of Texas are met. The cases of Campbell v. Wright, 95 S.W.2d 149, (Civ. App.,1936) and Texas Public Utility Corporation v. Holland, 123 S.W.2d 1028, (Civ.App.,1938, error dismissed) are cited in support of that opinion. These cases decided that assessment made by the tax assessor is sufficient to meet the requirements of Sec. 3a of Art. VI of the Constitution of Texas that property be "duly rendered" in order for its owner to be eligible to vote in a bond election.

Therefore, in view of the prior Attorney General's Opinion and the cases cited, it is the opinion of this office that the tax assessor by placing the property of an otherwise qualified elector on the 1960 unrendered tax rolls prior to the date the election is ordered, qualifies such elector to vote in a bond election to be held in April, 1961.

## S U M M A R Y

An elector who is otherwise qualified is entitled to vote in a bond election to be held in April, 1961, if he has rendered his property for taxes either in 1960 or anytime prior to the time he votes in such election or if his property was placed on the tax rolls by the assessor prior to the date the election was ordered.

Very truly yours,

WILL WILSON
Attorney General of Texas

Mr. Richard E. Rudeloff, page 4 (WW-1024)

By: *Linward Shivers*
Linward Shivers
Assistant

LS:jh

APPROVED:

OPINION COMMITTEE
W.V. Geppert, Chairman

Jerry Roberts
Dudley McCalla
John Phillips

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt